UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DAVID RUIZ,                                :
                                           :     Case No.:
                    Plaintiff,             :
                                           :     COMPLAINT
         -  against  -                     :
                                           :
SELIP & STYLIANOU, LLP and                 :
MIDLAND FUNDING, LLC,                      :
                                           :
                    Defendant.             :
------------------------------------------------------------ X

DAVID RUIZ (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against SELIP & STYLIANOU, LLP and MIDLAND FUNDING, LLC, (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Selip & Stylianou LLP, is a collection agency with its principal place of business located at 199 Crossways Park Drive, Woodbury, NY 11797.

8. On information and belief, Defendant Midland Funding, LLC, is a foreign collection agency registered in New York and with a service address of c/o Corporation Service Company, 80 State Street, Albany, NY 12207, and with its principal place of business located at 350 Camino De La Reina # 100, San Diego, CA 92108.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

12. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. On a date better known to Defendant a lawsuit was filed in Civil Court, New York County against Plaintiff.

14. On September 28, 2012 Defendant allegedly served the Plaintiff at 15 Saint James Place, Apt 2J, New York, NY 10038. See Affidavit of Service attached hereto as Exhibit 1.

15. Defendant thereafter obtained a default judgment against the Plaintiff on April 13, 2013.

16. On January 30, 2020, Defendant caused an Income Execution to be issued against the Plaintiff. See Income Execution attached hereto as Exhibit 2.

17. Defendant only learned of the judgment when he received the Income Execution.

18. However, Plaintiff does not reside at the service address of 15 Saint James Place, Apt 2J, New York, NY 10038.

19. Instead, Plaintiff's correct address during that time was 26 Jefferson St, Apt 1, New York, NY 10002. See Exhibit 3 attached hereto, which are various copies of proofs showing Plaintiff's address during the applicable time period.

20. Furthermore, and most shockingly, Defendant Midland Funding knew that Plaintiff resided at the Jefferson Street address as it had sent Plaintiff a collection letter on a different account 1 year earlier. See Midland Funding collection letter attached hereto as Plaintiff's Exhibit 4.

21. Accordingly, Defendants knew or should have know of the Plaintiff's correct address, but despite actual knowledge of his residence chose to sewer serve him at the wrong address.

22. The mailings and pleadings are a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST CAUSE OF ACTION - FDCPA

23. Plaintiff repeats each allegation above as if fully set forth herein.

24. 15 U.S.C. § 1692e preface prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

26. Defendant violated these provisions when it made false claims of proper service of process for the purpose of obtaining, under false pretenses, a default judgment in the state court action.

27. Defendant claimed to complete service of process upon Plaintiff.

28. Defendant has instituted a policy of negligently and deceitfully failing to confirm the veracity of consumer information in their haste to pursue debt collection from the maximum number of consumer possible and thereby implement deceitful means and methods to obtain default judgments from consumers without their knowledge.

29. 15 U.S.C. § 1692f prefaces by stating that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

30. Defendant violated said provision by unfairly and unconscionably using lies and reprehensible and malicious means and methods to deceive the court into granting default judgments which allows the Defendant to damage the Plaintiff and other debtors and consumers.

31. 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of a debt.

32. Defendant violated said provision by falsely representing that the subject account was a judgment account when Defendant never did in fact serve Plaintiff as required by the law and obtained the judgment via sewer service.

33. 15 U.S.C. § 1692c(b) prohibits a debt collector to communicate with any person other than the consumer without the prior permission of the debtor.

34. Defendant violated said provision when it sent collection letters and the Summons and Complaint to other addresses without the prior permission of the debtor.

35. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, 15 U.S.C. § 1692e(2)(a) and 15 U.S.C. § 1692c(b).

## SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT

36. Plaintiff repeats each allegation above as if fully set forth herein.

37. Defendant has obtained a judgment and against the Plaintiff without any regard to whether the Defendant properly served the Plaintiff in the underlying action.

38. Plaintiff has suffered an injury in fact, and will continue to suffer an injury in fact if the Court does not issue a Declaratory Judgment requiring the Defendant to vacate the judgment.

39. Without ordering the Defendant to properly serve the Plaintiff and obtain jurisdiction over the Defendant as required by law, the Defendant would still attempt to collect a judgment that was obtained via sewer service.

40. Plaintiff therefore seeks a ruling by this Court that the Defendant must vacate the judgment and not proceed with state court action until the Plaintiff is properly served by the Defendant pursuant to the law.

## JURY DEMAND

41. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Actual damages against Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the amount that he had to pay an attorney to vacate the subject judgment; and

    c. A declaratory judgment compelling Defendant to vacate the default judgment and income execution / garnishment obtained via sewer service until it properly serves the Plaintiff as required by New York Law; and

    d. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    e. Plaintiff's costs; all together with

    f. Such other relief that the Court determines is just and proper.

Dated: January 20, 2020

    Brooklyn, New York

                                                   /s/ Joseph Balisok
                                                   Joseph Balisok, Esq.
                                                   251 Troy Ave
                                                   Brooklyn, NY 11213
                                                   Office (718) 928-9607
                                                   Fax (718) 534-9747
                                                   Joseph@LawBalisok.com
                                                   Attorney for Plaintiff